# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Magistrate Docket No. '08 MJ 1909 |
| Plaintiff | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF: TITLE 8 U.S.C. § 1326 (Felony) Attempted Entry After Deportation |
| Guillermo GARCIA-Cruz | ) | TITLE 18 U.S.C. § 1544 (Felony) Misuse of Passport |

The undersigned complainant, being duly sworn, states:

**Count 1**

On or about June 20, 2008, within the Southern District of California, defendant Guillermo GARCIA-Cruz, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

**Count 2**

On or about June 20, 2008, within the Southern District of California, defendant Guillermo GARCIA-Cruz did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting US passport number 133853658, issued to Jose Luis CASTRO MAGALLANES, to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not Jose Luis CASTRO MAGALLANES, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport. All in violation of Title 18, United States Code, Section 1544.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This 23rd day of June, 2008.

UNITED STATES MAGISTRATE JUDGE

# PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1. I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2. During the performance of my duties, I have obtained evidence that DEFENDANT, Guillermo GARCIA-Cruz, used the passport issued for the use of another and attempted to reenter the United States after having been deported. This Affidavit is made in support of a complaint against DEFENDANT for violation of Title 18, U.S.C., Section 1544, Misuse of a Passport and Title 8 U.S.C., Section 1326, Attempted Reentry After Deportation.

3. On 06/20/2008, at approximately 0540 hours, DEFENDANT presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the pedestrian lines of the San Ysidro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with U.S. Passport number 133853658, bearing the name Jose Luis CASTRO MAGALLANES, DPOB 06/11/1956, California, U.S.A. and a photograph that was not DEFENDANT. The CBP Officer recognized the discrepancy and he was referred for secondary inspection. DEFENDANT was kept in the secondary inspection area.

4. On 06/20/2008, at approximately 0900 hours, the Affiant was notified by the CBP from the San Ysidro POE, of the case.

5. On 06/20/2008, at approximately 1120 hours, DEFENDANT was retrieved from secondary inspection seating area and was brought to an upstairs interview room. The Affiant, assisted by a CBP Enforcement Officer, who also acted as translator, interviewed DEFENDANT. DEFENDANT read his Miranda warning aloud in Spanish from a written copy. He indicated that he understood and waived his right to counsel. He admitted that his true name was Guillermo GARCIA-Cruz, DPOB, 12/14/1971, Oaxaca, Mexico. He stated that he was a citizen of Mexico and not a citizen of the United States. DEFENDANT said that he had previously been living in the United States and that he had been deported by a U.S. Immigration Judge in 2006 and subsequently removed from the U.S. and excluded for 10 years. DEFENDANT admitted to traveling to Tijuana for the purpose of entering the United States illegally. DEFENDANT admitted that he had been arrested on 06/16/2008 and 06/18/2008 after he had illegally crossed into the United States. He said that on 06/19/2008, immediately upon being removed from the United States, he purchased a US Passport from a vendor on the streets of Tijuana. In exchange for $300, DEFENDANT was given U.S. Passport number 133853658, bearing the name Jose Luis CASTRO MAGALLANES, DPOB 06/11/1956, California, U.S.A.. DEFENDANT then used the passport on 06/20/2008, to apply for entry into the United States at the San Ysidro Port of Entry.

6. DEFENDANT acknowledged that he knew that the US Passport that he used was not issued or designed for his use. He also admitted that he had not applied for or received permission from the United States Government to reenter the U.S. after having been deported. Defendant made an oral recorded statement as to the elements of the charges.

7. On 06/20/2008, a CBP Officer conducted DHS record checks. Records revealed that DEFENDANT had been ordered deported, by an Immigration Judge, from the United States on or about 04/19/2006.

8. On the basis of the facts presented in this probable cause statement consisting of 2 pages, there is probable cause to believe that the defendant named in this probable cause statement committed the offence on 06/20/2008 - in violation of Title18, United States Code, Section 1544: Misuse of a passport - when he knowingly and willfully used the passport belonging to another, Jose Luis CASTRO MAGALLANES, knowing that it was not issued or designed for his use, in order to gain admission into the United States and Title 8, United States Code, Section 1326: Attempted Reentry After Deportation – when being an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States.

[signature] 6/21/2008 1400hrs

Richard M. Escott Date Time
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

[signature] 6/21/08 2:45pm.

UNITED STATES MAGISTRATE JUDGE Date Time

6. DEFENDANT acknowledged that he knew that the US Passport that he used was not issued or designed for his use. He also admitted that he had not applied for or received permission from the United States Government to reenter the U.S. after having been deported. Defendant made an oral recorded statement as to the elements of the charges.

7. On 06/20/2008, a CBP Officer conducted DHS record checks. Records revealed that DEFENDANT had been ordered deported, by an Immigration Judge, from the United States on or about 04/19/2006.

8. On the basis of the facts presented in this probable cause statement consisting of 2 pages, there is probable cause to believe that the defendant named in this probable cause statement committed the offence on 06/20/2008 - in violation of Title18, United States Code, Section 1544: Misuse of a passport - when he knowingly and willfully used the passport belonging to another, Jose Luis CASTRO MAGALLANES, knowing that it was not issued or designed for his use, in order to gain admission into the United States and Title 8, United States Code, Section 1326: Attempted Reentry After Deportation – when being an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States.

6/21/2008 1400hrs

Date Time

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

UNITED STATES MAGISTRATE JUDGE

6/21/08 2:45PM.

Date Time